**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**CYNTHIA A. LOVE-DENNIS,**

                         **Plaintiff,**

**v.**

                                              **18-CV-6806**

**COMMISSIONER OF SOCIAL SECURITY,**

                         **Defendant.**

 

**DECISION AND ORDER**

          Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment.  Dkt. No. 26.  Cynthia A. Love-Dennis ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits.  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. Nos. 16, 24.  For the following reasons, Plaintiff's motion (Dkt. No. 16) is denied, and the Commissioner's motion (Dkt. No. 24) is granted.

**BACKGROUND**

          On January 12, 2015, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability beginning on November 11, 2014.  Tr. at 10.[1]  Plaintiff's

---

[1]Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 8.

application was denied at the initial level and she requested review.  Tr. at 10.

Administrative Law Judge John P. Costello ("the ALJ") conducted a hearing on March 21,

2017.  Tr. at 10, 37-71.  Plaintiff, who was represented by counsel, testified as did an

impartial vocational expert.  Tr. at 37-71.  On July 3, 2017, the ALJ issued a decision in

which he found that Plaintiff was not disabled and, therefore, not eligible for benefits.  Tr. at

10-21.  The Appeals Council denied Plaintiff's request for review, making the ALJ's

determination the final decision of the Commissioner.  Tr. at 1-6.  Plaintiff thereafter

commenced this action seeking review of the Commissioner's decision.  Dkt. No. 1.


## LEGAL STANDARD

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is

disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step

one, the ALJ must determine whether the claimant is engaged in substantial gainful work

activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or

combination of impairments, that is "severe," meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. §

404.1520(c).  If the claimant does not have a severe impairment or combination of

impairments, the analysis concludes with a finding of "not disabled."  If the claimant does,

the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals a Listings criterion and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If not, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

42 U.S.C. § 405(g) (2007).   Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.   *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).   Substantial evidence is "more than a mere scintilla."   *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009).   "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion."   *Id.* (emphasis added and citation omitted).   The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.   *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).   If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the Plaintiff's position.   *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).   Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.   *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

4

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process described above. *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 11, 2014, the alleged onset date. Tr. at 12. At step two, he found that Plaintiff had the following severe impairments: left ankle arthritis/fracture; history of spina bifida with degenerative disease of the lumbar spine; depression/anxiety; and obesity. Tr. at 12-14.[2] The ALJ noted that Plaintiff's migraine headaches and left shoulder pain were not severe. Tr. at 14.

At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listings, giving special consideration to Listing 1.02 (Musculoskeletal System, Major Dysfunction of a Joint), Listing 1.03 (Reconstructive Surgery or Surgical Arthrodesis of a Major Weight-Bearing Joint ), and Listing 1.04 (Disorders of the Spine). Tr. at 15. Next, the ALJ found that Plaintiff retained the RFC to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a), except as restricted by the following: she should have the option to change positions briefly every 30 minutes; she is limited to simple, routine tasks; and she is limited to only frequent interaction with supervisors, coworkers and the general public. Tr. at 16-19.

---

[2] This Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized at length in the papers.

Continuing to the fourth step, the ALJ found that Plaintiff was unable to perform any past relevant work.  Tr. at 47.  Considering Plaintiff's age, her limited education, and her aforementioned RFC, the ALJ concluded, based on the testimony of the vocational expert, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, specifically, the jobs of ampoule sealer (DOT #559.687-014) or bench hand (DOT #715.684-026).  Accordingly, concluded the ALJ, Plaintiff was not under a disability from November 11, 2014, through the date of his decision, July 3, 2017.  Tr. at 31.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 16, 24.  Plaintiff contends that the ALJ failed to develop the record, improperly evaluated opinions, and failed to seek clarification of findings.  Dkt. No. 16-1, pp. 19-29.  The Commissioner contends that the record was fully developed and the ALJ's RFC finding is supported by substantial evidence.  Dkt. No. 24-1, pp. 6-12.  Having reviewed the record in its entirety, this Court finds that it was sufficiently developed and that the RFC was substantially supported.

**The Medical Record**

"Social Security proceedings are inquisitorial rather than adversarial."  *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 261 (S.D.N.Y. 2016) (quoting *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000)).  "[I]n light of the essentially non-adversarial nature of a benefits proceeding," an "ALJ, unlike a judge in a trial, must [on behalf of all claimants] . . .

6

affirmatively develop the record. . . ."  *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-9 (2d Cir. 2009) (internal quotation marks omitted).  This duty includes "investigat[ing] the facts and develop[ing] the arguments both for and against granting benefits."  *Sims,* 530 U.S. at 111.  Under the applicable regulations, the ALJ is required to develop the claimant's complete medical history.  *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir. 1996) (citing 20 C.F.R. §§ 404.1512(d)-(f)).

Whether the ALJ has satisfied his or her duty to develop the administrative record is a "threshold question," which a reviewing court must answer before determining whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405(g).  *Craig*, 218 F. Supp. 3d at 261.  That is, "the court must first be satisfied that the ALJ provided plaintiff with 'a full hearing under the Secretary's regulations' and also fully and completely developed the administrative record."  *Scott v. Astrue,* No. 09-CV-3999 (KAM), 2010 WL 2736879, at *12 (E.D.N.Y. July 9, 2010) (quoting *Echevarria v. Sec'y of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir. 1982)); *see also Rodriguez v. Barnhart,* No. 02-CV-5782 (FB), 2003 WL 22709204, at *3 (E.D.N.Y. Nov. 7, 2003) ("The responsibility of an ALJ to fully develop the record is a bedrock principle of Social Security law.") (citing *Brown v. Apfel,* 174 F.3d 59, 63 (2d Cir. 1999)).

"The duty to develop the record is particularly important where an applicant alleges he is suffering from a mental illness, due to the difficulty in determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace." *Merriman v. Comm'r of Soc. Sec.,* No. 14 Civ. 3510(PGG)(HBP), 2015 WL 5472934, at

7

*19 (S.D.N.Y. Sept. 17, 2015) (internal citations omitted); *Craig*, 218 F. Supp. 3d at 268;

*Franklin v. Comm'r of Soc. Sec.*, No. 17-CV-6894-JWF, 2019 WL 1230082, at *2

(W.D.N.Y. Mar. 15, 2019) (holding that "it is the ALJ's duty to develop the record and

resolve any known ambiguities, and that duty is enhanced when the disability in question is

a psychiatric impairment") (internal citations omitted).  At the same time, "[re]mand is not

always required when an ALJ [declines to request opinions] particularly where . . . the

record contains sufficient evidence from which an ALJ can assess the petitioner's residual

functional capacity."  *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013).


      Plaintiff argues that remand is warranted in her case because the ALJ did not

subpoena certain records and did not "close" allegedly "obvious" evidentiary gaps in the

medical record.  Dkt. No. 16-1, pp. 19-23.  This Court does not agree.  As an initial matter,

an ALJ is not required to subpoena records on behalf of a claimant.  Rather, the ALJ has

the discretion to develop the record as he or she sees fit; the ALJ may, for example,

request records rather than issuing a subpoena for them.  20 C.F.R. § 404.950(d)(1);

*Yancey v. Apfel*, 145 F.3d 106, 111-14 (2d Cir. 1998).  That is exactly what the ALJ did

here.  As referenced in his decision, the ALJ requested records from University

Orthopaedics as well as Strong Memorial Hospital, the first request dated March 21, 2017,

and a follow-up request dated April 7, 2017.  Tr. at 451-54; 455-58; 544-58; 559-69.[3]  The

ALJ was not legally required to do anything more to secure Plaintiff's records.  20 C.F.R. §

404.1512(b)(1).  That is, it was legally sufficient for him to request the records, rather than

---

[3] These requests resulted in Strong Memorial Hospital providing records that were largely duplicative of prior obtained records. Tr. at 10.  Multiple requests to Plaintiff's orthopedist went unanswered.

subpoena them.  In fact, Plaintiff's hearing counsel, when told by the ALJ that the Agency would "send out" for any records from University Orthopaedics and Strong Memorial, stated "[t]hat solves the problem."  Tr. at 49.  This Court agrees with the ALJ that "[g]iven these reasonable attempts, the duty of the Agency to seek further development of the record is discharged."  Tr. at 10.

Moreover, Plaintiff fails to cite to any "missing" evidence that would change the outcome of the case.  The ALJ found that Plaintiff's left ankle arthritis/fracture was a severe impairment that limited her to sedentary work with other restrictions.  This is the "impairment" to which the allegedly "missing" orthopedic records would have related.  As for her mental health, Plaintiff argues generally that the "record suggests [that] Plaintiff has more serious mental conditions and limitations than accounted for in the RFC."  Dkt. No. 16-1, p. 21.  This argument apparently relates to Plaintiff's subjective complaint that she was experiencing hallucinations in early 2014, prior to her alleged onset date.  However, the treatment notes are clear that by December 30, 2014, after her onset date, Plaintiff's hallucination symptoms had "stabilized."  Tr. at 289.  On January 16, 2015, Plaintiff's doctor, Ellen Poleshuck, Ph.D., reported that Plaintiff's perception was "normal" and that she showed no evidence of hallucinations.  Tr. at 289, 296.  Despite the non-adversarial nature of social security proceedings, a claimant still bears the burden to produce evidence proving that he or she is disabled.  *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require claimant, who is in a better position to provide information about his own medical condition, to do so.").  This, Plaintiff has clearly failed to do.

9

An ALJ's duty to develop the record requires only that the ALJ "ensure that the record contains sufficient evidence to make a determination." *Johnson v. Comm'r of Soc. Sec.,* No. 17 Civ. 5598 (BCM), 2018 WL 3650162, at *13 (S.D.N.Y. July 31, 2018) (internal quotations and citations omitted).  Here, the ALJ had sufficient evidence to determine whether Plaintiff was disabled during the relevant period at issue, including records from Plaintiff's treatment for her back pain and mental health, a consultative examination, and Plaintiff's testimony and function reports.  Tr. at 12-19; 37-71; 189-228; 271-543.  Under the circumstances, it was not erroneous for the ALJ to determine how Plaintiff's mental and physical impairments would impact her ability to do work, without further development of the record.  *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (holding that "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim").

**The ALJ's Assessment of the Medical Opinions**

Plaintiff argues that in formulating the RFC, the ALJ substituted his own judgment for that of a treating or examining medical provider.  Dkt. No. 16-1, pp. 23.  This Court does not agree.  In his decision, the ALJ assigned varying degrees of weight to the medical opinions of record.  For example, the ALJ gave "partial weight" to the opinion of the State agency psychological consultant who opined that Plaintiff would have some limitations regarding social interaction in a work setting, but would be capable of performing simple, unskilled or semiskilled work.  Tr. at 19; 73-83.  These limitations were incorporated into the RFC, limiting Plaintiff to simple routine tasks and less frequent

interaction with supervisors, coworkers, and the general public.  Tr. at 16.  An opinion of a non-examining source can constitute substantial evidence of a particular RFC.  *Diaz v. Shalala*, 59 F.3d 59, 313 n.5 (2d Cir. 1995); *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993).  Accordingly, this Court affirms the ALJ's assignment of partial weight to this opinion.

As for the physical component of the RFC, the ALJ gave "partial weight" to the opinion of consultative examiner, Dr. Carolyn Ling, that Plaintiff has moderate limitations to prolonged standing and walking; and mild limitations for heavy lifting and carrying.  Tr. at 19, 346.  This opinion lends substantial support to the ALJ's determination that Plaintiff was limited to sedentary work with an option to change position every 30 minutes.  *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (holding that remand was not required where the ALJ had the claimant's physician's treatment notes, and the consulting examining physician's opinion largely supported the ALJ's assessment of the claimant's RFC); *DeRosia v. Colvin*, No. 16-CV-6093P, 2017 WL 4075622, at *21 (W.D.N.Y. Sept. 14, 2017) (holding that the state examiner's assessment that claimant had moderate to marked limitations for prolonged standing and walking was not inconsistent with the ALJ's conclusion that claimant could perform the exertional requirements of sedentary work).  Contrary to Plaintiff's argument, the fact that Dr. Ling did not review Plaintiff's later X-rays or MRIs does not mean that her opinion could not be relied upon in forming the RFC.  *Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017) (holding that the ALJ properly assigned "significant weight" to the medical source statement of the

11

consulting examiner even though the doctor's review did not include the Plaintiff's MRI results).  Accordingly, the Court declines to remand the case on this basis.


Finally, Plaintiff's RFC is supported by the December 2016 opinion of Dr. Clifford Everett (given "some weight" by the ALJ) that Plaintiff's back condition limited her to no prolonged standing, walking, or repetitive bending; no lifting of more than 20 pounds; no heavy pushing or pulling; and required the option to change position frequently. Tr. at 18, 371.  This is wholly consistent with the ALJ's finding that Plaintiff would be limited to sedentary work with the opportunity to change positions every 30 minutes.  Because this Court finds that the RFC is properly supported, it need not address Plaintiff's argument that the ALJ erred in not finding, based on the vocational expert's hypothetical, that Plaintiff's occupational base for sedentary work would be eroded by her need for off-task time.  Dkt. No. 16-1, pp. 28-29.  "In order for the ALJ to consider the vocational expert's testimony, the posed hypothetical must accurately portray the claimant's individual impairments." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 405 (W.D.N.Y. 2008).  The ALJ obviously considered and rejected the possibility that Plaintiff's limitations would cause her to be off-task about 20% of the assigned work time, because he did not include such limitations in her RFC.  Accordingly, the vocational expert's testimony that a person with such limitations could not perform certain jobs was not relevant to the ALJ's decision.  *See Podedworny v. Harris,* 745 F.2d 210 (3d Cir. 1984); *Tennant v. Schweiker,* 682 F.2d 707, 710 (8th Cir. 1982); *see also Lewis v. Apfel,* 236 F.3d 503, 516 (9th Cir. 2001) (reasoning that "if the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value"); *Hines v. Barnhart,* 453 F.3d 559, 566 (4th Cir. 2006)

12

(holding that a vocational expert's opinion is not relevant or helpful if it is not "in response to proper hypothetical questions which fairly set out all of claimant's impairments").

Based on the foregoing, this Court finds that the ALJ did not err in weighing the medical opinions, and in formulating the RFC. Tr. at 16. It is, in fact, the role of the ALJ to compare specific medical opinions against the record as a whole. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The law is clear that an ALJ's RFC finding does not need to be based on a particular medical opinion or medical source statement. *Monroe v. Berryhill*, 676 F. App'x 5, 9 (2d Cir. 2017); *see also Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 1013) (reasoning that "[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in h[er] decision, [s]he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole"). Moreover, "the ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotations and citations omitted).

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence. However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder ***would have to conclude otherwise***." *Brault*, 683 F.3d at 448 (emphasis added). This case does not present such a situation. For all of the foregoing reasons, this

13

Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is hereby DENIED, and the Commissioner's motion for Judgment on the pleadings (Dkt. No. 24) is GRANTED.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:      Buffalo, New York
            August 18, 2020


                                    _*s/ H. Kenneth Schroeder, Jr.*_
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**

14